IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHEDRICK THORNTON, ID # 02111277, ) | |
|       Petitioner, ) | |
| vs. ) | No. 3:18-CV-3317-M-BH |
| ) | |
| DALE WAINWRIGHT, ) | |
|       Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED** as barred by the statute of limitations.

**I. BACKGROUND**

Shedrick Thornton (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions for stalking. The respondent is Dale Wainwright (Respondent).

On January 12, 2017, Petitioner pleaded guilty to stalking in Cause No. F14-76803 in Criminal District Court No. 1 of Dallas County, Texas, and was sentenced to 6 years' imprisonment. (*See* doc. 3 at 2-3)[1]; *see* www.dallascounty.org (search for petitioner).  On February 6, 2017, Petitioner also pleaded guilty to stalking in Cause No. F16-75253 in Criminal District Court No. 1 of Dallas County, Texas, and was sentenced to 6 years' imprisonment. (*See* doc. 3 at 2-3, 7); *see* www.dallascounty.org (search for petitioner).  He did not appeal his convictions. (*See* doc. 3 at 3); *see* www.txcourts.gov (search for petitioner).  He filed state habeas applications that were signed

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

on June 26, 2018, and received in the state district court on June 29, 2018. They were denied on December 5, 2018. *See Ex parte Thornton*, WR-89,175-01, WR-89-175-02 (Tex. Crim. App. Dec. 5, 2018).

Petitioner's federal habeas petition, signed on December 12, 2018, and received on December 17, 2018, claims that (1) he received ineffective assistance of counsel, (2) his pleas were involuntary and based on fraud, (3) the prosecutor withheld from defense counsel a falsified affidavit that was used to obtain a protective order against him, (4) the prosecutor knowingly used false testimony, apparently to obtain the protective order. (*See* doc. 3 at 6-7, 11.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

A.   **Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>   recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Regarding the timeliness of his petition, Petitioner asserts that in November 2017, he received information from counsel that his sentence in Cause No. F14-76803 began on September 5, 2015. He contends that the information proves that the trial judge "exhibited a biased belief that prejudiced court proceedings." (*See* doc. 3 at 9.) He has not shown that the date on which the sentence began in No. F14-76803 is a fact supporting his claims, or that it was not or could not have been known before the judgment became final, however. He also claims that the prosecutor withheld a falsified affidavit that was used at the protective order hearing in 2014, and knowingly used false evidence at that hearing. He has not shown that these alleged facts were not or could not have been known before the judgment became final.[2]

Because Petitioner did not appeal the trial court's January 12, 2017 judgment in No. F14-76803, it became final thirty days later, on February 11, 2017. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). That day was a Saturday, so the last day to file a notice of appeal was Monday February 13, 2017. *See* Tex. R. App. P. 4.1. He had until February 13, 2018, to file his federal habeas petition challenging the conviction in No. F14-76803, absent any tolling of the statute of limitations.

---

[2]  He has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

3

Because Petitioner did not appeal the trial court's February 6, 2017 judgment in No. F14-75253, it became final thirty days later, on March 8, 2017. *See* Tex. R. App. P. 26.2(a) (1). He had until March 8, 2018, to file his federal habeas petition challenging the conviction in No. F14-75253, absent any tolling of the statute of limitations.

**B.    Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas applications were filed in June 2018, which was after the limitations periods expired in February and March 2018, so they did not toll the limitations periods. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner filed his § 2254 petition on December 12, 2018, the date that it was mailed.[3] It is therefore untimely.

**C.    Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party]

---

[3]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that he was prevented from filing his state writ applications or his federal petition earlier. He has not shown "rare and exceptional circumstances" that warrant equitable tolling.

### III. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED on this 28th day of February, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE